**FILED**

JUN. 30 2008

**JUN 30 2008**

JUDGE JOHN F. GRADY
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE L. CHAO, Secretary of Labor )
United States Department of Labor, )
)
        Petitioner, )    No. 08 C 1595
)
        v. )    Judge Grady
)
INTERNATIONAL UNION OF )
ELEVATOR CONSTRUCTORS LOCAL 2, )
)
        Respondent. )

## BRIEF IN SUPPORT OF THE PETITION TO ENFORCE
## A DEPARTMENT OF LABOR SUBPOENA DUCES TECUM

This brief is submitted in support of petitioner's application for an order directing respondents to comply with a Department of Labor subpoena duces tecum duly issued pursuant to Section 401 (29 U.S.C. §481§§) and Section 601(b) (29 U.S.C. §521(b)§§) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act"), 29 U.S.C. §521(b)§, and served upon respondent. A copy of the subpoena and the return of service is attached as an exhibit to the petition.

Instead of the usual complaint and summons, proceedings to enforce administrative subpoenas are commenced by the filing of the petition and the issuance of a show cause order to the named respondent by the District Court and, pursuant to Rule 81(a)(3) of the Federal Rules of Civil Procedure, are usually summary in nature. *See, e.g., Donaldson v. United States*, 400 U.S. 517, 528-529 (1971); *Federal Trade Commission v. Browning*, 435 F. 2d 96, 104 (D.C. Cir. 1970); *United States v. Davey*, 543 F.2d 996, 999 (2nd Cir. 1976).

The Secretary's petition that initiated this case is brought under the authority of section 601 of the Labor-Management Reporting and Disclosure Act of 1959, as amended, (29 U.S.C. 401 *et seq.* )

hereinafter referred to as the "LMRDA" or "the Act" and pursuant to 28 U.S.C. §§1331 and 1345, to enforce a Department of Labor *subpoena duces tecum*. The Secretary is conducting an investigation into the financial operations of the respondent, the International Union of Elevator Constructors Local 2 ("Local 2" or "the Union"), in order to determine whether Local 2, or any person associated with it has violated or is about to violate Title II or Title V of the Act. The respondent has expressly declined to comply with the subpoena which has impeded and continues to impede petitioner's investigation.

Congress enacted the Labor-Management Reporting and Disclosure Act of 1959 in order:

> to eliminate or prevent improper practices on the part of labor organizations, employers, labor relations consultants, and their officers and representatives which distort and defeat the policies of the Labor-Management Relations Act, 1947, as amended, and the Railway Labor Act, as amended, and which have the tendency or necessary effect of burdening and obstructing commerce . . .

29 U.S.C. §401(c)§§.

Section 601(a) of the LMRDA, 29 U.S.C. §521(a)§§, confers upon the Secretary of Labor broad power to conduct administrative investigations to ascertain possible violations of the Act. This section provides, in relevant part:

> The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this chapter . . . to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and questions such persons as he may deem necessary to enable him to determine the facts relative thereto.

Section 601(b) further provides that in order to carry out his investigatory functions, the Secretary shall have the full range of investigatory and enforcement powers possessed by the Federal Trade Commission, including the power to administratively subpoena witnesses, books, records and other documents. 29 U.S.C. §521(b)§. This subpoena power is enforceable in the federal courts.

2

15 U.S.C. §49§§.  Section 601, incorporating 15 U.S.C. §49§, thus establishes the jurisdictional basis for summary enforcement of the Secretary's subpoena in this proceeding.

The Secretary respectfully requests that the rule to show cause be issued and that this case be set for hearing on July 9, 2008 at 11:00 at which point the respondent must show cause why this court should not grant the relief requested by the petitioner

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Craig A. Oswald
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9080
    Craig.Oswald@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                            :
ELAINE L. CHAO, Secretary of Labor,         :
United States Department of Labor,          :
                                            :
                    Petitioner,             :
                                            :
         v.                                 :
                                            :
INTERNATIONAL UNION OF ELEVATOR             :
CONSTRUCTORS LOCAL 2,                       :
                                            :
                    Respondent.             :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

FILED

MARCH 18, 2008    TC

08CV1595

JUDGE GRADY

MAGISTRATE JUDGE KEYS

Civil Action

File No.

## SECRETARY OF LABOR'S PETITION TO
## ENFORCE A DEPARTMENT OF LABOR SUBPOENA DUCES TECUM

Elaine L. Chao, Secretary of Labor, United States Department of Labor, by her

attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois,

alleges:

1.    The Secretary's Petition is brought under the authority of section 601 of the

Labor-Management Reporting and Disclosure Act of 1959, as amended, (29 U.S.C. 401 *et

seq.* ) hereinafter referred to as the "LMRDA" or "the Act" and pursuant to 28 U.S.C.

§§1331 and 1345, to enforce a Department of Labor *subpoena duces tecum*.

2.    Respondent, International Union of Elevator Constructors Local 2 ("Local

2" or "the Union"), is and at all times relevant to this action has been, an unincorporated

association maintaining its principal office at 300 South Ashland Boulevard, Suite 206,

Chicago, IL 60607, and is within the jurisdiction of this court.

3.     Petitioner, Secretary of Labor, by and through her authorized agents within the Department of Labor, is conducting an investigation into the financial operations of the union in order to determine whether Local 2, or any person associated with it has violated or is about to violate Title II or Title V of the Act. In this investigation the Department of Labor seeks to obtain various documents and records pertaining to the subject. See Declaration of Mary J. Kebisek, submitted herewith as Appendix A.

4.     A subpoena duces tecum was duly issued on April 24, 2007 and signed by Mary J. Kebisek, District Director, Office of Labor-Management Standards, United States Department of Labor, a duly acting and authorized representative of the petitioner [Attachment 1 to Appendix A]. The *subpoena duces tecum* directed the respondent to appear before Senior Investigator Barbara Moriarity, a duly acting and authorized representative of the petitioner, at 230 South Dearborn, Suite 744, Chicago, Illinois, on May 8, 2007 at 4:30 p.m. to produce various records, books, papers, and documents fully described in an attachment to the subpoena [Exhibit 2 to Appendix A]. This *subpoena duces tecum* was served upon respondent by delivering a copy by facsimile to the office of the counsel of the union, who accepted service, as certified in the return of service [Exhibit 3 to Appendix A].

5.     On May 8, 2007, the respondent, by one of its attorneys, responded to the *subpoena duces tecum* in writing, expressly declining to comply with the subpoena [Attachment 4 to Appendix A.]. No documents were produced by the respondent in response to the subpoena. [Declaration of Mary J. Kebisek, Appendix A.]

6.     The documents specified in the *subpoena duces tecum* and required therein to be produced, which Local 2 refuses to produce, were at the time of the issuance of the

2

subpoena, and are now, relevant, material, and appropriate to the determination of whether Local 2, or any person associated with it has violated or is about to violate any provisions of the Act, except Title I or amendments made by the Act to other statutes.

7.    The refusal of the Local 2 to produce the subpoenaed financial documents as specified and required by the *subpoena duces tecum*, has impeded and continues to impede petitioner's investigation.

8.    No previous applications have been made for the relief demanded herein.

WHEREFORE, Secretary of Labor respectfully prays:

1.    That this Court enter an order directing the respondent to show cause why the respondent should not comply with and obey the *subpoena duces tecum*;

2.    That this Court enter an order directing the respondent to obey the *subpoena duces tecum* by ordering the production of the documents called for by the terms of the *subpoena duces tecum* before any proper officer of the Department of Labor, at such time and place as hereinafter may be fixed by such officer, and by ordering the respondent to appear for the purpose of providing information regarding said documents; and

3

3.    That this Court grant such other and further relief as it deems just and

proper.

Respectfully submitted,

**PATRICK J. FITZGERALD**
United States Attorney

By: s/Craig A. Oswald
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn, Fifth Floor
    Chicago, Illinois 60604
    (312) 886-9080
    Craig.Oswald@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                  Petitioner,

    v.

INTERNATIONAL UNION OF ELEVATOR
CONSTRUCTORS LOCAL 2,

                  Respondent.

                               Civil Action

                               File No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION OF MARY J. KEBISEK

Mary J. Kebisek declares as follows:

1.    I am presently employed as District Director for the Chicago District Office, Office of Labor Management Standards ("OLMS"), United States Department of Labor.

2.    Secretary of Labor, by and through her authorized agents within the Department of Labor, is conducting an investigation into the financial operations of the union in order to determine whether Local 2, or any person associated with it has violated or is about to violate Title II or Title V of the Labor-Management Reporting and Disclosure Act of 1959, (29 U.S.C. 401 *et seq.*), hereinafter referred to as the "LMRDA" or "the Act." In this investigation the Department of Labor seeks to obtain various documents and records pertaining to the subject.

3.    I signed and duly issued a subpoena duces tecum on April 24, 2007, directing the respondent to appear before Senior Investigator Barbara Moriarity, a duly acting and authorized representative of the petitioner, at 230 South Dearborn, Suite 744, Chicago, Illinois, on May 8, 2007 at 4:30 p.m. to produce various records, books, papers, and documents fully described in the attachment to the subpoena. A copy of the subpoena is attached hereto as Exhibit 1. A copy of the attachment to the subpoena is attached hereto as Exhibit 2. The subpoena duces tecum was served upon respondent by delivering a copy by facsimile to the office of the counsel of the union, who accepted service, as certified in the return of service. A copy of the return of service is attached hereto as Exhibit 3.

4.    On May 8, 2007, the respondent, by one of its attorneys, responded to the subpoena duces tecum in writing, expressly declining to comply with the subpoena. A copy of the letter is attached hereto as Exhibit 4.

5.    No documents have been produced by the respondent in response to the subpoena.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __3/11/08__

MARY J. KEBISEK

2

# United States of America
### DEPARTMENT OF LABOR
### OFFICE OF LABOR-MANAGEMENT STANDARDS

## SUBPOENA DUCES TECUM

TO  Any officer, agent, or employee of International Union of Elevator Constructors Local Number 2

300 South Ashland Boulevard, Suite 206, Chicago, IL 60607

*At the instance of the* District Director

U.S. DEPARTMENT OF LABOR, *you are hereby required to appear before* Barbara Moriarty, Sr. Investigator

*of the* OFFICE OF LABOR-MANAGEMENT STANDARDS, U.S. DEPARTMENT OF LABOR, *at*
230 South Dearborn Street, Suite 774

*in the City of* Chicago, IL

*on the* 8 *day of* May , 20 2007 *at* 4:30 *o'clock* P. m.

*of that day, in the Matter of* an investigation by said Office involving a determination whether any person
has violated or is about to violate any provision of the Labor-Management Reporting and Disclosure
Act of 1959, 29 U.S.C. 401 et. Seq., except Title I or amendments made by the Act to other statutes.

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and*
documents:
SEE ATTACHED.

## FAIL NOT AT YOUR PERIL.

IN TESTIMONY WHEREOF, *the seal of the* U.S. DEPARTMENT
OF LABOR *is affixed hereto, and the undersigned, the* District
Director, Office of Labor-Management Standards

_____ *of said* U.S. DEPARTMENT OF LABOR,
*has hereunto set his hand at* Chicago, Illinois

this 24 *day of* April , 20 2007

OLMS-13 (9/88)
GPO 937-870

Appendix A. Declaration of Kebisek
Attachments to Declaration:

1. Subpoena
2. Attachment to subpoena
3. Return of service
4. Letter from Ketterman

Subpoena Request File Attachment: 310-22478 (08)

Any and all original records for the period of January 2003 through December 31, 2006 for International Union of Elevator Constructors Local Number 2, including but not limited to: Receipt records including deposit slips, receipts journals, receipts ledgers, member dues payment cards, and individual and or other payments to the union; Disbursement records to include canceled checks, check stubs and/or check registers, disbursements journals; per capita records; bills, vouchers and expense reports with backup documentation; bank statements, bank account reconciliations, the identity, location, account numbers, and purpose of all bank accounts, including certificates of deposit, money market accounts, etc, held by the union, or on behalf of the union; the names of account signatories and persons who could access funds for each account, noting the date and detail of any changes, records regarding transfers of funds between accounts; identification of any investments owned such as stocks, bonds, U.S. Treasury certificates, property, etc.; names and account numbers of all credit cards held in the union's name together with the names of those person's authorized to use same; names and titles of all officers and key employees who held office during the above requested period and their respective salaries and benefits provided them, such as pension/welfare, vacation leave, and vacation compensation, automobile usage/allowance and related expenses, telephone/mobile phone usage and related expenses, and work/attendance logs, calendars schedules, etc.; payroll ledgers, monthly pension and health and welfare benefit contributions; information pertaining to any loans made to officers, employees, members, and others including amounts, security, repayment provisions and current status; all tax records relating to officers and employees for the above noted time period, including payroll tax records, W-2 and 1099 statements issued; minutes of the general membership meetings, executive board meetings, and/or special meetings with members, employees or executive board members; list of names and contact information for all signatory companies; any and all bond claims filed during the above noted period; and copies of any and all audit reports provided by the union's accountants and/or international union auditors.



RETURN OF SERVICE

I hereby certify that a duplicate original of the
within subpoena was

_____ in person.
__X__ by leaving at principal office
       or place of business, to wit:

union army accept
recept the bastrate

duly served
(indicate by check
method used)

on the person named herein on

April 24, 2007
(Month, day, year)

Barbara Maine
(Name of person making service)

(Official title)

I certify that the person named herein was in
attendance as a witness at

on _____
(Month, day or days, and year)

_____
(Name of person certifying)

_____
(Official title)

CASE NUMBER _____



05/08/2007 13:39 FAX 312 251 9701     WHITFIELD & MCGANN     ☑002

# WHITFIELD & MCGANN

### A T T O R N E Y S   A T   L A W

111 East Wacker Drive • Suite 2600 • Chicago, Illinois 60601
Telephone (312) 251-9700 • Facsimile (312) 251-9701

Indianapolis, Indiana Office
Telephone (317) 244-1973



Collins P. Whitfield*
Terrance B. McGann
Travis J. Ketterman

Amy E. Paluch Epton
Gregory N. Freerksen
Karl E. Masters
Daniel P. McAnally
Dianne M. Onichimowski**
Guy Z. Prihar, Ph.D.
Karen M. Rioux
Raymond J. Sanguinetti
Leonard D. Saphire-Bernstein

\*Also Licensed in Wisconsin
\*\*Also Licensed in Pennsylvania
   New Jersey
—
Of Counsel
Goldberg, Weisman & Cairo
Kenneth J. Curtesi
Mark A. Spadoro

May 8, 2007

Mary J. Kebisek
Regional Director
U.S. Department of Labor
Office of Labor-Management Standards
230 South Dearborn Street, Suite 774
Chicago, IL 60604

Dear Ms. Kebisek:

As legal counsel for the International Union of Elevator Constructors (IUEC)
Local 2, this letter serves as the formal response by Local 2 to the subpoena duces
tecum served by your office.

Ideally, Local 2 would file a motion to quash the subpoena and have the issue
resolved by the federal court in that forum. However, the rules do not allow such
a proactive device, so we are left with responding to the Department by formally
indicating our refusal to provide the requested documents unless ordered by a
federal court. Of course, upon such an order, the Local will comply with the
subpoena to the extent documents exist. However, as outlined in this letter, the
subpoena is merely a disguised continuance of an improper request for
documents made by your Department in February 2007.

In Chao v. Teamsters Local 743, 467 F.3d 1014 (7th Cir. 2006), the federal
appellate court recently reviewed the analysis undertaken when the Department
seeks to enforce a subpoena. As the Seventh Circuit stated, "In general, an
administrative agency's subpoena meets the requirements for enforcement if (1)
the inquiry is within the authority of the agency, (2) the demand is not too
indefinite, and (3) the information sought is reasonably relevant to the
investigation." Id., at 1017 (citing United States v. Morton Salt, 338 U.S. 632
(1950)).



Case 1:08-cv-01595     Document 5     Filed 06/30/2008     Page 15 of 17
Case 1:08-cv-01595     Document 1     Filed 03/18/2008     Page 12 of 14
05/08/2007 13:40 FAX 312 251 9701          WHITFIELD & MCGANN                    ⬜003

Local 2 concedes that the Labor-Management Reporting and Disclosure Act is within the authority of the Department of Labor.  We also recognize that the subpoena is "not too indefinite."  Indeed, the subpoena is very definite – the subpoena seeks an incredibly broad range of documents calculated to allow the Department nearly unfettered access to the financial books and records of the Local.  However, Local 2 adamantly contests that the information is "reasonably relevant to the investigation."

In a February 16, 2007 letter from Senior Investigator Barbara Moriarty, the Department referenced a complaint that "the union had inadequate procedures to remove elected officers under Section 401(h)" of the LMRDA.  Ms. Moriarty further summarized the complaint received by the Department as claiming the "removal of officers is warranted based on numerous charges of serious misconduct..."

As you know, 29 USC §481 contains the relevant provision:

> (h) Removal of officers guilty of serious misconduct. If the Secretary, upon application of any member of a local labor organization, finds after hearing in accordance with the Administrative Procedure Act [5 USCS §§ 551 et seq.] that the constitution and bylaws of such labor organization do not provide an adequate procedure for the removal of an elected officer guilty of serious misconduct, such officer may be removed, for cause shown and after notice and hearing, by the members in good standing voting in a secret ballot conducted by the officers of such labor organization in accordance with its constitution and bylaws insofar as they are not inconsistent with the provisions of this title [29 USCS §§ 481 et seq.].

On February 20, 2007, Local 2 refused to voluntarily produce the requested records.  In a lengthy response (partially incorporated into this response), Local 2 outlined the reasons the Department's request for records was wholly improper.  Ms. Moriarty's subpoena is merely the continuation of the dialogue between the Department and Local 2.

Importantly, the only proper initial inquiry by the Department is whether the constitution and bylaws of Local 2 provide "an adequate procedure for the removal of an elected officer guilty of serious misconduct." As set forth more fully below, Local 2's constitution and bylaws contain the requisite safeguards.

Article III of the Constitution and Bylaws of Local 2 (as revised July 2005) states that, "If any Officer fails to discharge the duties of his/her office, he/she shall be subject to charges as per the International Constitution and Bylaws."

Article XV of the Constitution and Bylaws of Local 2 (as revised July 2005) provides that "any Member or Officer may, after notice, charges and a hearing, be disciplined by the Local Union in accordance with Article XVIII of the International Constitution and Bylaws." The same article lists a series of

05/08/2007 13:40 FAX 312 251 9701    WHITFIELD & MCGANN    ☒004

offenses, including relevant to your letter, "7. Misappropriate or embezzlement of funds or property belonging to the International Union and/or a Local Union."

Article XVI of the Constitution and Bylaws of Local 2 (as revised July 2005) reiterates that charges and trials are conducted in accordance with the International's Constitution and Bylaws.

Article XVIII, §5 of the International Constitution and Bylaws specifically states that the penalties for those found guilty of internal union charges include, but are not limited to:

> a reprimand, a fine not to exceed $2,000, expulsion, suspension of membership, *removal from office, denial to hold any office permanently or for a fixed period*, or a command to do or perform or refrain from performing specified acts or any combination of the above.

Moreover, as Ms. Moriarty knows from her 2006 investigation into the Local 2 elections in November 2005 and January 2006, previous officers of Local 2 were in fact removed from office through these designated procedures. Thus, Local 2 maintains the statutorily required "adequate procedure for the removal of an elected officer guilty of serious misconduct."

The federal courts have already curtailed the Secretary's authority to invoke Section 401(h). In Donovan v. Hotel, Motel and Restaurant Employees, 700 F.2d 539 (9th Cir. 1983), the appellate court concluded that the LMRDA does not authorize the Secretary to bring a civil action against a union for failure to follow concededly adequate removal procedures. Id. at 541. The Secretary is only authorized to intervene if a union fails to follow its procedures. Id. at 546. Of course, that is not the case in the pending investigation.

As an aside, on several occasions, individual officers of Local 2 inquired as to whether the Secretary would investigate and assist the members of Local 2 in remedying the double dipping and improper loans which resulted in the removal of various officers, such as John Sena, Kurt McGregor and Steve Hynes. To date, the Secretary has expressed no interest whatsoever in assisting members with these situations. We also assume that Ms. Moriarty's recent letter was not written to help the Local with that situation, because the adequate safeguards were implemented and those officers were removed because of serious misconduct.

Though the Department's stated purpose in February 2007 was to investigate the adequacy of the Union's removal procedures, the document requested are not geared towards investigating the Union's existing procedures. In fact, the Department has not even requested a copy of the current IUEC Local bylaws and IUEC International Constitution, which would contain the offending procedures.

Case 1:08-cv-01595   Document 5   Filed 06/30/2008   Page 17 of 17
Case 1:08-cv-01595   Document 1   Filed 03/18/2008   Page 14 of 14
05/08/2007 13:40 FAX 312 251 9701    WHITFIELD & MCGANN                    @005

Accordingly, the Union denies your wide-ranging subpoena for documents relating to the financial affairs and internal conduct of union business (by the Department's earlier admission, sought only for purposes of a complaint under Section 401(h)). If the facts outlined in this letter are incorrect, please advise me and Local 2 and I will reevaluate our position. Until then, the Department will have to seek a court order to obtain the documents.

Very truly yours,

TRAVIS J. KETTERMAN

TJK/cp

C:      Local 2, IEUC